UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DONAHUE GOINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-865-CEJ |
| | ) | |
| TERRY RUSSELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on review of plaintiff=s pro se complaint [Doc. #1], motion for leave to proceed in forma pauperis [Doc. #2], motion for appointment of counsel [Doc. #3], motion for transfer to another institution [Doc. #4], motion for class action status [Doc. #5], and motions to supplement the complaint [Docs. #7 and #8]. For the following reasons, the court will (1) grant plaintiff in forma pauperis status and assess him an initial partial filing fee of $25.73; (2) instruct plaintiff to file an amended complaint on a court form; and (3) deny plaintiff's remaining motions.

**28 U.S.C. ' 1915(b)(1)**

Pursuant to 28 U.S.C. ' 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court

must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner=s account, or (2) the average monthly balance in the prisoner=s account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of twenty percent of the preceding month=s income credited to the prisoner=s account. 28 U.S.C. ' 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner=s account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff=s account indicates an average monthly deposit of $128.65, and an average monthly balance of $63.60. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $25.73, which is twenty percent of plaintiff=s average monthly deposit.

## 28 U.S.C. ' 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under ' 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### The Complaint and Supplements

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center (ERDCC), brings this 42 U.S.C. § 1983 action against numerous ERDCC employees for the violation of his and other inmates' constitutional rights. Plaintiff's allegations consist of twenty-five pages of jumbled, hand-written assertions pertaining to numerous events that occurred at ERDCC---ranging from assaults to unfair wages---involving plaintiff and an indeterminate number of other inmates. In addition, plaintiff has filed two motions to supplement the complaint

concerning events that allegedly occurred on May 1 and 5, 2014. Plaintiff seeks certification of the case as a class action and requests transfer to another prison.

**Discussion**

A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. ' 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d ' 1769.1 (Aclass representatives cannot appear pro se.@); *see also* Fed.R.Civ.P. 23(a)(4) (a class representative must Afairly and adequately protect the interests of the class@). Plaintiff's request for class certification will be denied. Additionally, transfers to another prison are entirely within the discretion of prison officials. *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984). Prisoners have no justifiable expectation that they will be incarcerated in any particular prison within a state. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 (8th Cir. 1985). Therefore, plaintiff's request for a transfer will also be denied.

The court will not accept plaintiff=s attempts to supplement his complaint on a piecemeal basis [Docs. #7 and #8]. All claims in an action must be included in one, centralized complaint form, as neither the court nor defendants wish to search through supplemental pleadings in order to piece together plaintiff=s claims.

4

Because plaintiff is proceeding pro se, the court will allow him to file an amended complaint, as set forth below.

In filing his amended complaint, plaintiff must be mindful that the number of claims a litigant may assert in a single action is limited by Federal Rule of Civil Procedure 20(a)(2), which provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.* Therefore, in filing his amended complaint, plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with the Federal Rules of Civil Procedure, limiting his facts and allegations to the

defendant(s) involved in said occurrence. Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence. *See* Fed.R.Civ.P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single individual. *See* Fed.R.Civ.P. 18(a).

Plaintiff is reminded that he must exhaust his prison grievances *before* filing a complaint in federal court, *see Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (if exhaustion was not completed at time of filing suit, dismissal is mandatory); and, as previously stated, plaintiff may assert only his own pro se claims in court, not the claims of others.

In addition, plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim" section, plaintiff shall insert the first defendant=s name, and under that name, he must set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. If plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting

forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated.

The amended complaint must contain *short and plain statements* showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and, as previously explained, the numbered paragraphs must each be *limited to a single set of circumstances*. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim."

Because the court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time. Plaintiff is advised that the amended complaint will replace the original complaint and supplements and the amended complaint will be the only pleading this court reviews. *See, e.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to assert in his amended complaint, he must file each such claim(s) on a separate

complaint form and either pay the $400 filing fee or file a motion for leave to proceed in forma pauperis along with a certified inmate account statement.

Last, the court will deny, without prejudice, plaintiff's motion for appointment of counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.* After reviewing these factors, the court finds that appointment of counsel is not warranted at this time. This case does not appear to be either factually or legally complex. Moreover, it appears that plaintiff will be able to present his claims pursuant to the court's instructions.

If plaintiff does not file an amended complaint, the court will dismiss this action without prejudice and without further notice to him. If the case is dismissed, the dismissal will not constitute a "strike" under 28 U.S.C. ' 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **granted.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $25.73 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to AClerk, United States District Court,@ and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3], motion for transfer to another institution [Doc. #4], and motion for class action status [Doc. #5] are **denied**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff five copies of the form titled "Prisoner Civil Rights Complaint Under 42 U.S.C.§ 1983."

**IT IS FURTHER ORDERED** that plaintiff shall have until **June 23, 2014** to file an amended complaint using the court-provided form and following the instructions set forth above in this Order.

**IT IS FURTHER ORDERED** that plaintiff's motions to supplement the complaint [Docs. #7 and #8] are **denied as moot**.

Dated this 20th day of May, 2014.

_____
**UNITED STATES DISTRICT JUDGE**